IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

ANDRE WILLIAMS                                                                         PLAINTIFF

v.                                                         CIVIL ACTION NO. 2:11-CV-00242-GHD-JMV

TUNICA COUNTY ARENA & EXPOSITION CENTER, INC.                          DEFENDANT

**MEMORANDUM OPINION GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO REMAND**

Presently before this Court is the Plaintiff's motion to remand the case to state court and for assessment of costs and attorney's fees [19] brought pursuant to 28 U.S.C. § 1447(c). Upon due consideration, the Court finds the motion should be granted in part and denied in part.

Plaintiff Andre Williams ("Plaintiff") initiated this action against Defendant Tunica County Arena & Exposition Center, Inc. ("Defendant") in the Circuit Court of Tunica County, Mississippi. Defendant brought in Third-Party Defendant Diamond State Insurance Company ("Diamond State"). Diamond State then filed a timely notice of removal based on diversity of citizenship. Plaintiff has now filed a motion seeking remand of the case to state court and assessment of costs and attorney's fees incurred as a result of the removal, contending the case was improperly removed by a third-party defendant, which is not a "defendant" as contemplated under the removal statute. Diamond State joins in the request for removal of the action to state court, conceding that removal was improper, but argues that an award of attorney's fees would not be proper, as Diamond State sought removal based on honest mistake and did not lack an objectively reasonable basis for seeking removal.

The removal statute provides in pertinent part:

1

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). A case may be remanded upon a motion filed within thirty days after the notice of removal is filed on any defect except subject matter jurisdiction, which can be raised at any time by any party or *sua sponte* by the court. *See Wachovia Bank, N.A. v. PICC Prop. & Cas. Co. Ltd.*, 328 F. App'x 946, 947 (5th Cir. 2009). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Third-party defendants generally may not remove a case, as they are not "defendants" as contemplated by the removal statute. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S. Ct. 868, 85 L. Ed. 1214 (1941); *Wachovia Bank, N.A. v. PICC Prop. & Cas. Co. Ltd.*, 328 F. App'x 946, 948 (5th Cir. 2009); *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 332–33 (4th Cir. 2008); *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 461–63 (6th Cir. 2002); 16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 107.11[1][b][iv] (3d ed. 2000) ("[T]hird-party defendants are not defendants within the meaning of the removal statute . . . .").

"[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under [Section] 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005).

2

This Court finds that this action was improperly removed by Diamond State, a third-party defendant, and accordingly, the Court lacks subject matter jurisdiction to hear the case. Thus, remand is proper under 28 U.S.C. § 1447(c). The Court further finds that Plaintiff's request for attorney's fees should be denied; the removal was due to Diamond State's mistake, but not to a lack of an objectively reasonable basis for seeking removal. Additionally, the Court finds no unusual circumstances present in this case that would make the award of attorney's fees proper.

THEREFORE, Plaintiff's motion to remand the case to state court and for assessment of costs and attorney's fees [19] shall be granted in part and denied in part: the action shall be remanded to the Circuit Court of Tunica County, Mississippi, and the request for assessment of costs and an award of attorney's fees shall be denied.

A separate order in accordance with this opinion shall issue this day.

THIS, the 9th day of October, 2012.

_____
SENIOR JUDGE